IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVICE DISABLED VETERAN OWNED SMALL BUSINESS NETWORK, INC., <br><br>  Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, <br><br>  Defendant. | No. C 11-06145 WHA <br><br> **ORDER STAYING ACTION** |

### INTRODUCTION

In this government-procurement action, the parties cross move for summary judgment, plaintiff moves for a preliminary injunction, and defendant moves to dismiss for lack of subject-matter jurisdiction. For the reasons stated below, the action is **STAYED** pending a determination by the Court of Federal Claim on whether plaintiff can bring suit in that forum.

### STATEMENT

Plaintiff Service Disabled Veteran Owned Small Business Network, Inc. is a nonprofit California corporation that locates contracting opportunities for its members, service-disabled veteran-owned small businesses. Service Disabled seeks to enjoin defendant, the Department of Veterans Affairs, from procuring through the Federal Supply Service without first conducting

market research to determine whether veteran-owned small businesses can provide the needed item or service.

### I.  FEDERAL ACQUISITION REGULATION AND VETERANS FIRST CONTRACTING PROGRAM.

This action concerns the Federal Acquisition Regulation and the Veterans First contracting program, which allegedly direct VA contracting officers in opposite directions when making procurement decisions.

The Federal Acquisition Regulations states that executive agencies may procure goods and services from the Federal Supply Schedule in lieu of holding a publicly advertised competition for obtaining individual items. *See* 41 U.S.C. 152; 48 C.F.R. 8.402, 8.405. The FSS provides federal agencies with a simplified process of acquiring commercial supplies and services in varying quantifies while obtaining volume discounts. Contractors place themselves on the FSS by agreeing to provide "supplies and services at stated prices for given periods of time." 48 C.F.R. 38.101. This regulation applies to the acquisition of supplies and services by all federal agencies, including the VA.

The Veterans Benefits, Health Care, and Information Technology Act of 2006 established the Veterans First contracting program, which directs the VA to "establish a goal for each fiscal year for participation in Department contracts (including subcontracts) by small business concerns owned and controlled by veterans." 38 U.S.C. 8127(a)(1)(A). The statutory provision relevant to this action, Section 8127(d), provides:

> . . . a contracting officer of [the VA] shall award contracts on the basis of competition restricted to small business concerns owned and controlled by veterans if the contracting officer has a reasonable expectation that two or more small business concerns owned and controlled by veterans will submit offers and that the award can be made at a fair and reasonable price that offers best value to the United States.

38 U.S.C. 8127(d). The dispute between the parties is whether this statutory provision commands the VA to conduct market research on the availability of the item or service through veteran-owned small businesses *before* procuring through the FSS.

### II.  EVENTS LEADING TO THIS ACTION.

On October 11, 2011, the United States Government Accountability Office, pursuant to its jurisdiction under 31 U.S.C. 3551 *et seq.*, issued a recommendation in *Matter of: Aldevra*, No. B-

405271 (Oct. 11, 2011), addressing the exact same question in this action. *Aldevra* involved a bid protest brought by a service-disabled veteran-owned small business unrelated to the plaintiff in this matter, contesting that the VA violated the Veterans First contracting program by attempting to procure food-preparation equipment from the FSS without first determining, pursuant the requirements at Section 8127(d), whether two or more service-disabled veteran-owned small businesses could offer the items at a fair and reasonable price. The GAO agreed with the protester. Its decision stated:

> We see nothing in the VA Act or the [implementing regulations] that provides the agency with discretion to conduct a procurement under FSS procedures without first determining whether the acquisition should be set aside for [service-disabled veteran-owned small businesses]. The provisions of both the VA Act and the [implementing regulations] are unequivocal; the VA "shall" award contracts on the basis of competition restricted to SDVOSBs where there is a reasonable expectation that two or more SDVOSBs will submit offers and award can be made at a fair and reasonable price. Thus, contrary to the agency's position, the VA Act requires, without limitation, that the agency conduct its acquisitions using SDVOSB set asides where the necessary conditions are present. 38 U.S.C. 8127–8128.

Thus, the GAO has recommended that for purposes of procurement, the VA shall first conduct the market research contemplated by the Veterans First contracting program.

A couple of weeks later, notwithstanding the decision in *Aldevra*, the VA issued a press release stating that "[i]t is the VA's position that procurement professionals should continue to to use the [FSS] Program as one of the many contracting vehicles available to meet the needs of the Department" and that "[t]he GAO recommendation [in *Aldvera*] does not change how VA will acquire goods and services in support of its mission" (Dkt. No. 16 at Exh. A).

### III. THE INSTANT ACTION.

On December 6, 2011, Service Disabled commenced the instant action. Service Disabled points to the VA's press release and alleges that the VA will continue to improperly fulfill its present and future requirements through the Federal Supply Schedule instead of setting aside for Service Disabled members.

Service Disabled files this action pursuant to the Administrative Procedure Act, alleging that the VA's refusal to comply with the Veterans First contracting program is arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law. Service Disabled seeks, *inter alia*, (i) a declaration that the VA is in violation of the Veterans First contracting

3

program and (i) an affirmative injunction directing the VA to comply with the Veterans First contracting program before proceeding with an acquisition of supplies or services.

The parties cross move for summary judgment, plaintiff moves for a preliminary injunction, and defendant moves to dismiss for lack of subject-matter jurisdiction.

**ANALYSIS**

A federal court has no subject-matter jurisdiction over claims against the United States unless the government waives its sovereign immunity and consents to suit. *McGuire v. United States*, 550 F.3d 903, 910 (9th Cir. 2008). For actions filed by interested parties contesting government procurement, including allegations of a statutory violation in connection with a procurement or proposed procurement, the Court of Federal Claims is the only available forum to sue the United States. *See PGBA, LLC v. United States*, 389 F.3d 1219, 1227 (Fed. Cir. 2004). The relevant statutory provision of the Tucker Act provides:

> The United States Court of Federal Claims and the district courts of the United States shall have jurisdiction to render judgment on an action by an interested party objecting to . . . any alleged violation of statute or regulation in connection with a procurement or a proposed procurement.

28 U.S.C. 1491(b). Though the language purports to give jurisdiction over procurement issues to district courts as well as the Court of Federal Claims, the jurisdiction for district courts was purposely terminated by a sunset provision. Thus, congressional intent was to preclude district courts from adjudicating an action alleging a violation of statute or regulation in connection with a procurement or a proposed procurement. *PGBA, LLC*, 389 F.3d at 1227. "Interested parties" are actual or prospective bidders or offerors whose direct economic interest would be affected by the award of the contract or by failure to award the contract. *American Fed. of Gov. Employees v. United States*, 258 F.3d. 1294, 1302 (Fed. Cir. 2001).

APA waives sovereign immunity for claims only if three conditions are met: (i) its claims are not for money damages, (ii) an adequate remedy for its claims is not available elsewhere and (iii) its claims do not seek relief expressly or impliedly forbidden by another statute. *Tucson Airport Authority v. General Dynamics Corp.*, 136 F.3d 641, 645 (9th Cir. 1998).

The immediate issue is whether Section 1491(b) grants Service Disabled adequate relief in the Court of Federal Claims and thus forbids suit in this district court. This, in part, turns on

4

whether Service Disabled is an "interested party" within the meaning of Section 1491(b). While it may be true that members of Service Disabled are "interested parties" within the meaning of Section 1491(b), this does not mean that Service Disabled, a trade association, is itself an "interested party" that can bring a claim in the Court of Federal Claims alleged a violation of statute or regulation in connection with a procurement or a proposed procurement.[1]

At the March 15 hearing, the VA's counsel represented that if Service Disabled filed its claims in the Court of Federal Claims, then the VA would argue that Service Disabled does not have standing as an "interested party." By implication, the VA's argument is that Service Disabled does *not* have standing to bring its claim in any court. This seems unfair. Could Congress have deprived plaintiff of any court in which to adjudicate Service Disabled's claims?

It is unclear, however, whether the Court of Federal Claims would confer standing on an association such as Service Disabled. In *American Federation of Government Employees v. United States*, the Court of Federal Claims indicated, in dicta, that an union's standing as an "interested party" can be derived from their members' standing. 46 Fed. Cl. 586, 595–97 (2000). This suggests that Service Disabled would have standing to sue on behalf of its members in the Court of Federal Claims. If the Court of Federal Claims declines to exercise exclusive jurisdiction, then the parties may promptly return here to resume the lawsuit.

---

[1] The parties do not dispute that the statutory provision enacting the Veterans First contracting program is a "statute or regulation in connection with a procurement or a proposed procurement" within the meaning of Section 1491(b).

5

**CONCLUSION**

For the reasons stated, plaintiff Service Disabled shall file its claim in the Court of Federal Claims. This action is **STAYED** pending resolution of that action. If the Court of Federal Claims holds that Service Disabled lacks standing, then this action will proceed. A case management conference will be held on **OCTOBER 4 AT 11:00 A.M.** to determine the progress of the action in the Court of Federal Claims. A joint case management statement shall be filed a week in advance of the conference.

**IT IS SO ORDERED.**

Dated: March 15, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE